TIFFANY STUDIOS v. SHEPHERD et al.   (No. 6101.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

WILLS (§ 700*)—CONSTRUCTION—PARTIES.

A suit by a creditor of a beneficiary under a will to recover under an assignment of an interest of the beneficiary involves the construction of the will, whereby testator left his property to his executors to collect the income and pay the same during the life of a son equally between the son and the beneficiary with authority of the executors to sell real estate and terminate the trust to the extent of property sold and give a half of the profits to the beneficiary and the other half to the son or their survivor, and other creditors obtaining assignments of the beneficiary's interest and the beneficiary and the son are necessary parties.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1678; Dec. Dig. § 700.*]

Submission of controversy under Code Civ. Proc. § 1279, between Tiffany Studios, plaintiff, and Ethel Dana Shepherd and others, defendants.   Dismissed, without costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Robert Thorne, of New York City, for plaintiff.

Winthrop E. Dwight, of New York City, and Jacob Seibert, Jr., for defendants.

INGRAHAM, P. J.   The plaintiff is a creditor of Ethel Dana Shepherd and received from her an assignment of a certain interest in an amount received by the defendants as executors and trustees under the last will and testament of William B. Dana, deceased, which are the proceeds of certain real premises Nos. 124 to 150 Worth street, in the city of New York, which property was condemned by the city of New York and the amount awarded therefor paid to the defendants as executors and trustees.   By the will of the testator this with other real property was left to his executors in trust to collect the rents, income, and profits thereof and to pay the same during the lifetime of William Shepherd Dana, testator's adopted son, and divide such rents, income, and profits equally between the said Ethel Dana Shepherd and the said William Shepherd Dana.   The executors were authorized to sell any portion of the said real estate at such price and upon such terms as they might deem advisable.   In the event of any such sale the executors were directed to terminate the said trust to the extent of the property so sold, and to pay one-half of the net profits of such sale to Ethel Dana Shepherd and one-half to William Shepherd Dana or the survivor of them.   Subsequently this property was condemned by the city of New York, and the amount awarded as the value of the property was paid to the executors, and the plaintiff claims that such condemnation and the payment of the proceeds was a sale within this provision of the codicil to the testator's will.

It also appears by the submission that Ethel Dana Shepherd, the assignor of her interest in this fund to the plaintiff, is largely indebted to other creditors; that she has also assigned to other creditors a por-

tion of her interest in this sum of money in the hands of the defendants; that none of these creditors are parties to the proceeding; and neither Ethel Dana Shepherd nor William Shepherd Dana, the beneficiaries under the will, is a party. This submission does not seem to have been executed by Ethel Dana Shepherd either individually or as executor and trustee.

It is quite apparent that the parties necessary to a construction of this will are not before the court. The other creditors who have acquired an interest in this fund, if Ethel Dana Shepherd is entitled to it, are necessary parties, and Ethel Dana Shepherd and William Shepherd Dana, beneficiaries under the trust, are also necessary parties. Any judgment entered on this submission would not be binding on any of them and would not protect the trustees in paying the plaintiff any portion of the fund in their hands. The question presented involves the construction of the will of the testator, and to an action for that purpose all parties having an interest in the fund must be made parties.

The proceedings are therefore dismissed, without costs. All concur.